UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORA LASHAM,

    Plaintiff,

    v.

SKY WEST AIRLINES, INC., et al.,

    Defendants.

CASE NO. C19-758 RSM

ORDER TO FILE AN AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL

Pro se Plaintiff, Cora Lasham, has been granted leave to proceed *in forma pauperis* ("IFP") in this matter. Dkt. #2. Her Complaint was filed on May 22, 2019. Dkt. #3. Summonses have not yet been issued. Plaintiff has also filed an Application for Court Appointed Counsel. Dkt. #4.

Plaintiff's Complaint alleges employment discrimination against Defendants Sky West Airlines, Inc., Jackson Hole Airport, and St. John's Medical Hospital. *Id.* at 1. Plaintiff indicates that she was employed at Jackson Hole Airport in Wyoming and brings state law claims for personal injury and breach of an employment contract and federal claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621 to 634, and the Americans with Disabilities Act of 1990 ("ADA"), as codified, 42 U.S.C. §§ 12112 to 12117. *Id.* at 3–4.

ORDER – 1

As best can be gathered from the scarce allegations of the Complaint, Plaintiff appears to allege that she was "injured after severe fall no accommodations made/terminated." *Id.* at 5. Plaintiff further indicates that she complains of the termination of her employment, failure to accommodate her disability, unequal terms and conditions of her employment, and "negligent responses to injury." *Id.* at 4–5. Plaintiff does not indicate how Sky West Airlines, Inc. or St. John's Medical Hospital were involved and does not indicate what relief she is seeking.

Plaintiff is proceeding IFP under 28 U.S.C. § 1915. Pursuant to that section, the Court shall dismiss an action if at any time it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). A plaintiff's complaint must allege sufficient facts to raise a plausible inference that the plaintiff is entitled to relief or rise above speculation that he is entitled to relief. *See* FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(3).

Under the applicable pleading standards, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff gives no indication of the relief she seeks. Nor does she provide adequate factual allegations to support her claims. *Twombly*, 550 U.S. at 555 (a complaint need not include detailed allegations, but must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Plaintiff does not indicate what her injury was or that it rose to the level of a disability to support her ADA claims. *See Moore v. Donahoe*, No. C11-05517 LB, 2012 WL 2979024 (N.D. Cal. July 19, 2012) (normal

ORDER – 2

and temporary illness that was neither permanent or long-term in nature was not a disability). Plaintiff also does not allege her age in support of her ADEA claim, the existence of a contract in support of her breach of contract claim, or the manner in which any of the Defendants are responsible for her injury in support of her personal injury claim. Plaintiff has left many of the sections in the form complaint blank including the statement of her claims, facts of her case, exhaustion of remedies, and relief sought. Lastly, Plaintiff's Complaint gives no indication why the three Defendants—one located in Utah and two located in Wyoming—are subject to this Court's personal jurisdiction.

Due to the numerous deficiencies, Plaintiff's Complaint fails to state a claim upon which relief can be granted and is dismissed. However, a court dismissing a complaint should freely grant leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). The Court finds it appropriate to grant Plaintiff leave to amend her complaint, as indicated below.

Plaintiff has also filed an Application for Court-Appointed Counsel. Dkt. #4. Generally, civil litigants have no right to have counsel appointed. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, under "exceptional circumstances," a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Id.* A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, the Plaintiff's

ORDER – 3

deficient Complaint leaves the Court wholly unable to evaluate her claims. As a result, the Court is unable to rule on the propriety of appointing counsel and denies Plaintiff's Application.

Accordingly, having reviewed Plaintiff's filings and the remainder of the record, the Court finds and ORDERS:

1. Plaintiff's Complaint (Dkt. #3) is DISMISSED without prejudice.

2. Plaintiff's Application for Court-Appointed Counsel (Dkt. #4) is DENIED without prejudice.

3. Plaintiff is GRANTED leave to amend her Complaint. Within twenty-one (21) days of this Order, Plaintiff shall file an amended complaint that satisfies the applicable pleading standards and remedies the deficiencies identified in this Order. Failure to file an amended complaint within twenty-one (21) days of this Order will result in the matter being CLOSED.

4. If Plaintiff files an amended complaint within twenty-one (21) days of this Order, she may file a new (and complete) application for court-appointed counsel.

5. The Clerk shall send a copy of this Order to 14235 59th Ave. S., Tukwila, WA 98168.

Dated this 24th day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4