UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORA LASHAM, | CASE NO. C19-758RSM |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| SKY WEST AIRLINES, INC., et al., | |
| Defendants. | |

Pro se Plaintiff, Cora Lasham, was granted leave to proceed *in forma pauperis* ("IFP") in this matter. Dkt. #2. Plaintiff's complaint alleged that Defendants violated federal discrimination statutes, breached an employment agreement, and injured her. Dkt. #3. The Court dismissed Plaintiff's first complaint as wholly deficient because it provided no indication of the relief sought and did not contain necessary factual allegations (including Plaintiff's age, injury/disability, the existence of an employment contract, or allegations that certain defendants were responsible for her injuries). Dkt. #6. The Court granted leave for Plaintiff to file an amended complaint curing the identified deficiencies and Plaintiff filed an Amended Complaint. Dkt. #7. The Court now considers Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint repeats and expands on her allegations of discrimination. Plaintiff indicates that she is a Filipina-American female over the age of 40. In December 2012, she began working under a new supervisor who treated her disparately and used racial epithets

ORDER – 1

to refer to Plaintiff. When she reported the discriminatory treatment, her employer did nothing and she was forced to continue working in a hostile work environment and encounter further discrimination. Dkt. #7 at 4–5. At some point Plaintiff was injured from a fall and, in conjunction with panic attacks and depression from the discrimination, her doctor advised her to work light duty at times. *Id.* at 5. Defendants refused to accommodate Plaintiff and instead terminated her in May 2015. *Id.* at 3. Plaintiff brings claims for (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e–17) ("Title VII"); (2) retaliation under Title VII and the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12112 to 12117) ("ADA"); and (3) hostile work environment under Title VII, the Rehabilitation Act of 1973 (29 U.S.C. § 701), and the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 to 634) ("ADEA").[1] *Id.* at 5–6.

Plaintiff is proceeding IFP under 28 U.S.C. § 1915. Pursuant to that section, the Court shall dismiss an action if at any time it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). A plaintiff's complaint must allege sufficient facts to raise a plausible inference that the plaintiff is entitled to relief or rise above speculation that he is entitled to relief. *See* FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Amended Complaint does not appear to adequately state a claim because the claims alleged appear to be barred by her failure to exhaust administrative remedies and timely

---

[1] Plaintiff's Amended Complaint refers to other possible claims, but only lays out three causes of action, mislabeling them as claims one, three, and four. Dkt. #7 at 5–6.

ORDER – 2

file this action. Plaintiff does not allege that she exhausted her administrative remedies prior to initiating this action. *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002) (EEOC charge required prior to initiating Title VII action); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (EEOC charge required prior to initiating ADA action); *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3rd Cir. 2007) (Rehabilitation Act adopts Title VII procedures); *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007) (ADEA action requires prior filing with EEOC). Further, Plaintiff was required to file her claims with the EEOC within a specific period following the time the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1) (180 or 300-day period for Title VII, ADA, and Rehabilitation Act claims); 29 U.S.C. § 626(d) (180-day period for ADEA claims). Further still, Plaintiff was required to file her action within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117; 29 U.S.C. § 626(e). On the Amended Complaint alone, the Court cannot conclude that Plaintiff has satisfied the statutory prerequisites to initiating this action.

Accordingly, the Court finds and ORDERS that Plaintiff must SHOW CAUSE why this action should not be dismissed for failure to exhaust administrative remedies and why this action is timely filed. Plaintiff shall respond to this Order no later than twenty-one (21) days from the date of this Order. Plaintiff's response shall not exceed five (5) double-spaced pages. Failure to respond to this Order will result in dismissal of this case.

The Clerk shall send a copy of this Order to 14235 59th Ave. S., Tukwila, WA 98168.

Dated this 17 day of June, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3