UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORA LASHAM, | CASE NO. C19-758 RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| SKY WEST AIRLINES, INC., et al., | |
| Defendants. | |

This matter is before the Court *sua sponte* on the Court's Order to Show Cause. Dkt. #7. Therein the Court required that Plaintiff demonstrate that she had properly exhausted her administrative remedies in this employment discrimination action and that that her action was timely. Finding Plaintiff's response inadequate for the following reasons, the Court dismisses the action.

As set forth in the Court's Order to Show Cause, Plaintiff's Amended Complaint[1] makes the following allegations related to her claims of employment discrimination:

> Plaintiff indicates that she is a Filipina-American female over the age of 40. In December 2012, she began working under a new supervisor who treated her disparately and used racial epithets to refer to Plaintiff. When she reported the discriminatory treatment, her employer did nothing and she was forced to continue working in a hostile work environment and encounter further

---

[1] The Court previously ordered Plaintiff to file an amended complaint to remedy several deficiencies identified in her Complaint. Dkt. #5. Plaintiff's Amended Complaint (Dkt. #6) is now before the Court.

ORDER – 1

discrimination. Dkt. #7 at 4–5. At some point Plaintiff was injured from a fall and, in conjunction with panic attacks and depression from the discrimination, her doctor advised her to work light duty at times. *Id.* at 5. Defendants refused to accommodate Plaintiff and instead terminated her in May 2015. *Id.* at 3. Plaintiff brings claims for (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e–17) ("Title VII"); (2) retaliation under Title VII and the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12112 to 12117) ("ADA"); and (3) hostile work environment under Title VII, the Rehabilitation Act of 1973 (29 U.S.C. § 701), and the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 to 634) ("ADEA").[2] *Id.* at 5–6.

Dkt. #7 at 1–2.

The Court's Order to Show Cause additionally laid out at least some of the procedural requirements relevant to Plaintiff's action which did not appear to be satisfied in this case:

> Plaintiff does not allege that she exhausted her administrative remedies prior to initiating this action. *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002) (EEOC charge required prior to initiating Title VII action); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (EEOC charge required prior to initiating ADA action); *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3rd Cir. 2007) (Rehabilitation Act adopts Title VII procedures); *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007) (ADEA action requires prior filing with EEOC). Further, Plaintiff was required to file her claims with the EEOC within a specific period following the time the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1) (180 or 300-day period for Title VII, ADA, and Rehabilitation Act claims); 29 U.S.C. § 626(d) (180-day period for ADEA claims). Further still, Plaintiff was required to file her action within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117; 29 U.S.C. § 626(e). On the Amended Complaint alone, the Court cannot conclude that Plaintiff has satisfied the statutory prerequisites to initiating this action.

Dkt. #7 at 3. The Court accordingly ordered Plaintiff to demonstrate compliance with these procedural requirements. *Id.*

Plaintiff has responded but has failed to present any evidence that she has complied with the applicable requirements. Dkt. #8. Rather, Plaintiff argues that the 7th Amendment to the United States Constitution preserves her right to a jury trial and that 28 U.S.C. § 1915

---

[2] Plaintiff's Amended Complaint refers to other possible claims, but only lays out three causes of action, mislabeling them as claims one, three, and four. Dkt. #6 at 5–6.

ORDER – 2

discriminates against economically disadvantaged persons. *Id.* at 1–2. Plaintiff further argues that this statutory scheme works to the advantage of "big business" and employers and urges that the Court should pursue "justice as opposed to merely abiding by 'procedural safeguards.'" *Id.* at 2.

Plaintiff points to only two cases, neither of which support her cause. Plaintiff quotes *Procunier v. Martinez*, 416 U.S. 396 (1974), a case that has been partially overruled[3] and deals with the extent to which prison regulations may limit prisoners' access to the courts.[4] Plaintiff also quotes *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). While this case is an employment discrimination action, it in no way deals with the requirement to exhaust administrative remedies before bringing suit.[5] Plaintiff does not point to any authority to demonstrate that her action is timely and does not make any argument that it is. Plaintiff's

---

[3] *See Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989).

[4] Plaintiff quotes the following provision:

> This result is mandated by our decision in *Johnson v. Avery*, 393 U.S. 483 (1969). There the Court struck down a prison regulation prohibiting any inmate from advising or assisting another in the preparation of legal documents. Given the inadequacy of alternative sources of legal assistance, the rule had the effect of denying to illiterate or poorly educated inmates any opportunity to vindicate possibly valid constitutional claims.

*Procunier v. Martinez*, 416 U.S. 396, 421 (1974) (quoted at Dkt. #8 at 2).

[5] Plaintiff quotes from a footnote distinguishing between disparate treatment and disparate impact claims:

> Claims of disparate treatment may be distinguished from claims that stress "disparate impact." The latter involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. . . . Proof of discriminatory motive, we have held, is not required under a disparate-impact theory. *Compare, e. g., Griggs v. Duke Power Co.*, 401 U.S. 424, 430–32 (1971), with *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–06 (1973).

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977) (quoted at Dkt. #8 at 3).

ORDER – 3

reliance on policy arguments does not provide a valid basis for this Court to depart from clear legal requirements.

As detailed in the Court's Order to Show Cause, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. *See* Dkt. #7. Because Plaintiff proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court is required to dismiss the case. 28 U.S.C. § 1915(e)(2) (court shall dismiss lawsuit that does not adequately state a claim).

Ordinarily a court dismissing a complaint should freely grant leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). The Court finds that leave to amend is not warranted here. The Court identified specific procedural deficiencies that Plaintiff needed to address, and Plaintiff made no attempt to demonstrate that she had complied with those procedural requirements. The Court therefore concludes that amendment would be futile.

Having considered Plaintiff's Amended Complaint and the remainder of the record in this matter, the Court finds and ORDERS that all of Plaintiff's claims asserted in her Amended Complaint (Dkt. #6) are DISMISSED with prejudice. This matter is now CLOSED. The Clerk shall send a copy of this Order to 14235 59th Ave. S., Tukwila, WA 98168.

Dated this 12 day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4